```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| CHARLES R. BAKER,    )  |  |
| ) | Case No. 10-2272 |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| NOVARTIS PHARMACEUTICALS    ) | |
| CORP.; NOVARTIS ANIMAL HEALTH    ) | |
| U.S., INC.; NOVARTIS    ) | |
| OPTHALMICS, INC; and ALCON    ) | |
| LABORATORIES, INC.,    ) | |
| ) | |
| Defendants.    ) | |

**ORDER STAYING CASE, CONTINUING SCHEDULING CONFERENCE, AND
DENYING MOTION TO TRANSFER**

Before the Court are Defendants' May 28, 2010, Motion to Stay or Transfer Venue (Dkt. No. 14) and the July 7, 2010, Joint Motion to Continue Time for Scheduling Conference. (Dkt. No. 34.) Plaintiff Charles R. Baker responded in opposition to Defendants' Motion to Stay or Transfer on June 18, 2010. (Dkt. No. 26.) Defendants replied on June 28, 2010 (Dkt. No. 32), and Plaintiff filed a Sur-Reply on July 7, 2010. (Dkt. No. 35, Ex. 1.) For the following reasons, Defendants' Motion to Stay is GRANTED; their Motion to Transfer is DENIED; and the Joint Motion to Continue the Scheduling Conference is GRANTED.

Although Plaintiff initially opposed any stay in his case, Plaintiff concedes in his Sur-Reply that he will agree to a stay

until the United States Court of Appeals for the Federal Circuit issues its opinion in <u>Stauffer v. Brooks Brothers</u>, Nos. 2009-1428, 1430, 1453.  (Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Stay or Transfer at 2.) ("Pl's Sur-Reply")  The Federal Circuit's forthcoming decision in <u>Stauffer</u> may prove dispositive of the present case.  On the basis of the parties' agreement, the Court GRANTS Defendants' Motion to Stay until the Federal Circuit issues its opinion in <u>Stauffer</u>.  The parties are ORDERED to inform the Court within forty-eight hours of the Federal Circuit's decision so that this case may then move forward.

Plaintiff's Sur-Reply also states that, on informing Defendants' counsel that he would agree to a stay, Defendants' counsel also insisted that Plaintiff consent to Defendants' Motion to Transfer this case to the Northern District of Illinois.  (Pl's Sur-Reply at 2.)  Plaintiff continues to object to any transfer of venue from the Western District of Tennessee. (<u>Id.</u>)

Defendants argue that four cases are pending in the Northern District of Illinois against them or their affiliates raising similar false patent marketing claims under 35 U.S.C. § 292. (Defendants' Memorandum in Support of Their Motion to Stay or Transfer, Dkt. No. 15, at 4.)  ("Defs' Memo.")  They note that the four Illinois cases have been combined for pre-trial

2

purposes before Chief Judge James Holderman and argue that this Court should transfer the present case to the Northern District of Illinois so that it can proceed with the four cases already filed there. (Id.) Defendants assert that a transfer would advance the goal of judicial economy because all five suits may raise similar discovery requests and legal issues. (Id. at 14.)

Defendants make their motion to transfer under 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have wide discretion in ruling on motions to transfer. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Several factors guide the Court in the exercise of its discretion, among them "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988)). A party requesting transfer under § 1404(a) bears the burden of proving that these factors weigh "strongly in favor of transfer." Bacik v. Peek, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993) (citation omitted).

3

Defendants' argument for transfer rests on the fact that four suits making similar legal claims already are pending in the Northern District of Illinois. (Defs' Memo. at 12.) Defendants describe these cases as "a mini-MDL." (Id. at 14.) However, as Defendants admit, the four Illinois cases "involve[] different products" and are "not susceptible to resolution in a single trial." (Id. at 11-12.) None of the products involved in the present case is the same as the products at issue in the Illinois cases. (Id. at 14.) Thus, Defendants' argument is that, because suits based on the same statute but otherwise dissimilar are pending against them in the Northern District of Illinois, this Court should transfer the present case to Illinois.

The fact that cases raising a similar legal issue are pending elsewhere is not enough to warrant transfer. See Moses, 929 F.2d at 1137. Notably, none of the Defendants is domiciled in the Northern District of Illinois. (See Defs' Memo. at 15.) Defendants also do not argue that any of their witnesses are located in Illinois. (Id.) Thus, the Northern District of Illinois is no more convenient for Defendants than the Western District of Tennessee. See Moses, 929 F.2d at 1137 (noting that convenience to the witnesses and parties is a factor courts should balance); Mt. Hawley Ins. Co v. Packers Sanitation Servs., No. 1:06CV2569, 2007 U.S. Dist. LEXIS 47382, at *12-13

4

(N.D. Ohio June 22, 2007) (noting that the party requesting transfer must demonstrate that the alternative forum is more convenient than the present forum).  Conversely, Plaintiff is a resident of the Western District of Tennessee and being forced to litigate in the Northern District of Illinois would inconvenience him.

Defendants also argue that it would burden them to respond to multiple discovery requests in different cases.  (Defs' Memo. at 14.)  Given the ease with which parties may transmit documents electronically, this factor fails to weigh in favor of a transfer.  Mt. Hawley Ins. Co., 2007 U.S. Dist. LEXIS at *13.  Defendants' admission that these cases cannot be ajudicated in a single trial also demonstrates that a transfer would not conserve judicial resources.  (See Defs' Memo. at 11-12.)  Because Defendants have failed to demonstrate that the factors "strongly" weigh in favor of transfer, their Motion to Transfer is DENIED.  Bacik, 888 F. Supp. at 1414.

The parties also seek to delay the status conference scheduled for 9:00 AM on July 30, 2010.  (Joint Motion to Continue Scheduling Conference at 1.)  Because the Court has stayed all proceedings pending the Federal Circuit's decision, a status conference at this point is unnecessary.  The Joint Motion to Continue is GRANTED.

5

So ordered this 8th day of July, 2010.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE